Doyle Howard **MACE**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 54627.

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1970.

Warren S. Stafford, Springfield, for appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

LAURANCE M. HYDE, Special Commissioner.

Appellant was convicted of grand stealing, affirmed on appeal, State v. Mace, Mo.Sup., 429 S.W.2d 734. His motion to vacate his conviction, filed under Rule 27.26, V.A.M.R., was overruled in the trial court and appealed here.

The charge on which he was convicted was "that on October 1, 1965, [appellant] stole one 'Sony' brand tape recorder and

one 'Reed' brand pipe cutter from Glenn and Wayne Barclay, d/b/a United Rent-All in Springfield, Missouri, by renting these articles from the Barclay's and thereafter retaining them without their consent." 429 S.W.2d, l.c. 735. Appellant's principal contention on this appeal is that the police obtained the recorder and pipe cutter by an unreasonable search and seizure, relying on Chimel v. State of California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

The facts as to the search were that two police officers observed appellant, with a companion, driving his car in Springfield and were instructed by radio that there had been a warrant issued for appellant's arrest for grand stealing. The officers stopped appellant, searched him and his car, found an automatic pistol in the front seat, but found the trunk locked. Appellant said he did not have the trunk key so after the officers radioed their headquarters, a key shop was called and a man came out and opened the trunk. Appellant's car was not moved from the place of appellant's arrest and the car trunk was opened within 10 to 15 minutes after the officers stopped the car. In the meantime, deputy sheriffs came and had served the warrant there. Appellant and his companion stood on the sidewalk with four officers present until the trunk was opened. The pipe cutter was found in the trunk and was received in evidence at appellant's trial.

■ Chimel v. California involved the search of the home of the defendant in that case. The more recent case of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, concerning a search of an automobile, pointed out: "In terms of the circumstances justifying a warrant-less search, the Court has long distinguished between an automobile and a home or office," citing Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, holding automobiles "may be searched without a warrant in circumstances which would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize." 90 S.Ct., l.c. 1979. We consider that the circumstances herein were sufficient to show the officers had probable cause to believe articles, for stealing of which a warrant for appellant's arrest had been issued, were contained in the trunk of his car. In Chambers, the search of the car held proper therein was not made at the place of arrest as here, but was made at the police station after it was taken there, although the Supreme Court had held in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, that a search after the car in that case had been moved by the police could not be justified as a search incident to an arrest. However, the court distinguished Preston from Chambers, for the reason that in Preston the arrest was for vagancy so that "the officers had no cause to believe that evidence of crime was concealed in the auto." In Chambers, where the arrest was for robbery, the court, considering "a careful search * * * was impractical and perhaps not safe" in the dark parking lot where the arrests were made, said it was not unreasonable to take the car to the station house, and held: "The probable cause factor still obtained at the station house and so did the mobility of the car." 90 S.Ct., l.c. 1981. See also State v. Speed, Mo.Sup., 458 S.W.2d 301, decided September 14, 1970; State v. Wiley, Mo.Sup., 412 S.W.2d 485. We hold that the facts and circumstances herein support a finding of probable cause for the search in this case.

■ Appellant also claims error in allowing the tape recorder and pipe cutter to be introduced in evidence, over his objections, at his second trial (when he was found guilty) the first resulting in a mistrial, because these items had been released to the owner and were in his custody between the two trials. This was claimed to be in violation of § 542.420, RSMo, V.A.M.S. and Rule 33.04. This claim was not raised on appeal from the judgment of

**342**

conviction. See State v. Mace, 429 S.W.2d 734 and Rule 28.02, stating: "Allegations of error not briefed on appeal * * * will be deemed waived or abandoned." Furthermore, Rule 27.26(b) (3) under which this proceeding was brought provides it "cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." Only "trial errors affecting constitutional rights" may be raised in such a proceeding when they have not been raised on appeal. We note that the trial court in this proceeding found defendant "did not suffer any prejudice by reason of the release or the interim custody between the two trials" and that "the State did prove beyond a reasonable doubt that the items were the ones which were involved in the grand stealing occurrence."

We also consider to be without merit appellant's final point that this court erred by going outside the record by considering facts not in evidence in deciding the direct appeal. We note from the report of this case that there was no motion for rehearing. The claim is that there was no evidence to show support of the statement of facts in our opinion, 429 S.W.2d, 1.c. 737, 738, that when appellant obtained these rented articles he promised to return them in three days and gave a false automobile number. This also is an attempt to use a 27.26 motion for second appeal. Furthermore, we find that trial testimony set out in the state's brief afforded sufficient basis for the two criticized statements in this court's opinion.

The judgment overruling appellant's 27.26 motion is affirmed.

PER CURIAM.

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.