STATE of Missouri, Respondent,

v.

Frank SMITH, Appellant.

No. 55464.

Supreme Court of Missouri,
Division No. 2.

Dec. 14, 1970.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Frank v. DeStefano, St. Louis, for appellant.

STOCKARD, Commissioner.

Frank Smith has appealed from the judgment entered pursuant to jury verdict in which he was found guilty of burglary and of stealing in conjunction with the burglary. See § 560.110 RSMo 1969, V.A. M.S. Charged as a second offender, proof thereof was presented, proper findings were made by the trial court, and appellant was sentenced by the court to two concurrent terms of imprisonment of five years each.

The first point presented on this appeal is that the trial court erred in overruling appellant's oral motion to suppress evidence, and in then admitting into evidence certain items seized from appellant's automobile. A brief statement of the circumstances is necessary.

On September 10, 1969, about 12:30 o'clock in the afternoon St. Louis Police Officers Richard Berner and Billie Wilson stopped an automobile being operated by appellant and in which Leo P. Miller was a passenger because the automobile displayed a license plate reported to have been stolen. When Officer Berner approached the automobile he observed some clothing on the back seat and in boxes on the floor of the automobile, and he also saw a rifle with the butt on the floor and the barrel pointing toward the back window. The trunk to the automobile was open, and in the trunk preventing the trunk lid from being closed was a large object covered by a rug. Appellant was told that he was under arrest for "stealing under fifty dollars, a license plate." He was then advised of his constitutional rights, searched, and with Leo Miller was taken to the Fifth Avenue District Police Station. While appellant and Leo Miller were in the police station,

Officer Wilson searched appellant's automobile and found the rifle and clothing, previously seen, and some binoculars. When the rug was removed from around the object in the trunk, which was a color television set, it was discovered that the name on a "warranty tag" was not that of appellant or Leo Miller. Further investigation revealed that the various items in the automobile had been so recently taken in a burglary of the home of Lloyd Murphy that Mr. Murphy did not yet know of the burglary and theft. Appellant was then placed under arrest for burglary.

In support of his contention that the search of the automobile and the seizure of the stolen property found therein violated his constitutional rights, appellant cites and relies on Preston v. United States, 376 U. S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. However, we are of the opinion that this case is governed by the later case of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419.

In the Chambers case police officers stopped an automobile and arrested the occupants on the basis that the police had reasonable grounds to believe they had committed a robbery. The occupants and the automobile were taken to the police station where the automobile was later searched. The items taken therefrom were introduced in evidence against the defendant. After noting that the arrest was legal, but that the search of the automobile "at another place, without a warrant" was not incident to the arrest, it was held that in the factual circumstances of that case the search of the automobile was permissible, and that it was not improper to introduce in evidence the fruits of that search. It was also noted, citing Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538, that automobiles " 'because of their mobility, may be searched without a warrant upon facts not justifying a warrantless search of a residence or office.' "

Then quoting from Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790, the court said: " 'The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' "

■ In this case the arrest of appellant because of the stolen license plate was justified. At the time the automobile was on a public street. The arresting officer could and did see in the automobile a rifle, and he could see a large object in the trunk covered with a rug. A thorough search of the automobile on the street was not practicable. In view of the knowledge of the officers that the license plate on the automobile had been stolen, that a rifle was in the automobile, and that items of clothing were visible in the back seat and that there was a large covered object in the trunk they had reasonable grounds to believe, under the factual situation of which they properly had knowledge, that the "contents of the automobile offend[ed] against the law," and for that reason the search of the automobile and the removal of the rug which covered the television set in the trunk did not constitute an impermissible search. See Mace v. State, Mo., 458 S.W.2d 340.

■ Appellant's next point is that the court erred in failing to instruct the jury that appellant could be found guilty only of stealing. He relies primarily on State v. Bursby, Mo., 395 S.W.2d 155; State v. Qualls, Mo., 383 S.W.2d 547; and State v. Lackey, 230 Mo. 707, 132 S.W. 602. However, the facts of this case are governed by the recent decision in State v. Auger, Mo., 434 S.W.2d 1, and the more recent decision by the court en banc in State v. Cline, Mo., 447 S.W.2d 538. In the latter case it was held: "Stealing in connection with a burglary is a specific kind of offense which the general assembly has constituted a fel-

ony and for which it has provided a penalty to be assessed *in addition* to the punishment for burglary. A finding of burglary by the jury is an indispensable prerequisite to a verdict of guilty for stealing in connection with the burglary. Decisions of this court holding that a defendant charged in one information with burglary and stealing in conjunction therewith may be acquitted actually or 'in effect' of the charge of burglary and at the same time convicted of some form of stealing should no longer be followed." In view of the above ruling, the court did not err in failing to instruct on stealing alone.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.