**STATE of Missouri, Respondent,**

**v.**

**Robert Harry PLANT, Appellant.**

**No. 54667.**

Supreme Court of Missouri,
Division No. 2.

Jan. 11, 1971.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

Shaw, Howlett & Gerard, Joseph Howlett, Clayton, for appellant.

MORGAN, Judge.

Charged as a second offender, defendant was tried to a jury and found guilty of burglary and stealing. The court assessed sentences of eight years for burglary and four years for stealing, to be served concurrently.

A witness reported to the police station at 4:30 in the morning that two persons were "loading" a car at the back door of the London Shop, a men's clothing store, in the city of Maplewod. Within minutes, two officers in a patrol car drove to that location and observed an automobile leaving "hurriedly" from the parking lot at the rear of the store. The officers observed a sheet partially covering items stacked in the rear seat. Within a few blocks, they stopped the automobile and arrested the defendant driver. He was taken

to the police station in the patrol car and the other officer drove defendant's automobile and parked it behind the station. One officer took defendant inside while the other, with the assistance of two station officers, within a "matter of minutes" removed some 91 suits from the back seat and trunk. The trunk was opened with a key taken from the ignition. The suits were inventoried and all but four were returned to the store manager. The four retained and used in evidence had been comingled and it was not known whether they came from the back seat or the trunk. In addition, defendant, after being advised of his rights, admitted his guilt to the officers with the comment "he was out of work and needed money." Defendant did not testify nor offer any evidence.

Prior to trial, defendant moved to suppress use of the suits as evidence. S.Ct. Rule 33.03, V.A.M.R. After an evidentiary hearing the motion was overruled, and the suits were offered at trial.

Defendant now contends that such evidence was illegally obtained by the unlawful search of the trunk, and that the trial court erred in not sustaining his motion to suppress. He relies on Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L. Ed.2d 777. On the other hand, the state submits that the case of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419, decided by the Supreme Court of the United States on June 22, 1970, is directly in point and should be controlling. After noting the obvious similarity of facts between the instant case and those in Chambers, we agree with the state's argument. In Chambers, police were given a description of the getaway car from a gas station robbery; they soon thereafter stopped a car matching the description, arrested the occupants, and removed the car to the police station where it was searched. In considering the legality of the search, the court, in part, said:

"* * * the search which produced the incriminating evidence was made at the police station some time after the arrest and cannot be justified as a search incident to an arrest: 'Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest.' Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964). Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968), is to the same effect; the reasons which have been thought sufficient to justify warrantless searches carried out in connection with an arrest no longer obtain when the accused is safely in custody at the station house.

"There are, however alternative grounds arguably justifying the search of the car in this case. In *Preston, supra,* the arrest was for vagrancy; it was apparent that the officers had no cause to believe that evidence of crime was concealed in the auto. In *Dyke, supra,* the Court expressly rejected the suggestion that there was probable cause to search the car, 391 U.S., at 221–222, 88 S.Ct., 1475–1476. Here the situation is different, for the police had probable cause to believe that the robbers, carrying guns and the fruits of the crime, had fled the scene in a light blue compact station wagon which would be carrying four men, one wearing a green sweater and another wearing a trench coat. As the state courts correctly held, there was probable cause to arrest the occupants of the station wagon that the officers stopped; just as obviously was there probable cause to search the car for guns and stolen money.

\* \* \* \* \,\* \* \*

"For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

█ We need not repeat the evidence in the instant case for it clearly established

the officers had probable cause to make the search.

Next the defendant submits that there was no proper foundation laid for admitting state's exhibits Nos. 6 and 7, and the trial court erred in basing a finding that the second offender act was applicable on said exhibits.

No. 6 was a "Certified Transcript of Serial Record" by the Department of Corrections. It pertained to defendant's previous confinement for Robbery First Degree and contained the acknowledgment of a notary public that Donald W. Bunker had signed the following affidavit:

"I, Donald W. Bunker, hereby certify: That I am the Director of the Division of Classification and Assignment, Department of Corrections, of the State of Missouri, * * * that in my legal custody as such officer are the original files and records of persons heretofore committed to the Missouri Department of Corrections or to all Missouri State Penal and Correctional Institutions for male prisoners; that the foregoing to be a true and correct copy of the record of Robert Harry Plant C–04994 MSP as shown by the record books in the Division of Classification and Assignment office of the Department of Corrections."

No. 7 was a certified copy (by the circuit clerk), with seal attached, of the prior judgment and sentence upon which the second offender charge was based.

■ No. 6 was admissible. State v. Burns, Mo., 328 S.W.2d 711; State v. Deutschmann, Mo., 392 S.W.2d 279, 287[22]; State v. Goff, Mo., 449 S.W.2d 591. Section 216.040, V.A.M.S., provides: "All proceedings of said department [corrections] and all documents and records in its possession shall be public records."

■ No. 7 was admissible by virtue of Section 490.130, V.A.M.S., which, in part, provides: "Copies from the record of proceedings of any court of record of this state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, or if there be no seal, with the private seal of the clerk, shall be received as evidence of the acts or proceedings of such court of record in any court of this state."

Finding no error, the judgment is affirmed.

All of the Judges concur.