Troy CLARK, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 55680.

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

The Legal Aid and Defender Society of Greater Kansas City, Kansas City, Counsel for Appellant.

Of Counsel:

John J. Cosgrove, Public Defender.

Ronald M. Sokol, Public Defender.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Attorneys for Respondent.

PRITCHARD, Commissioner.

On February 14, 1966, appellant was found guilty by a jury of murder in the second degree and it assessed his punishment at sixty years imprisonment. The trial court reduced his punishment to forty-five years, and his conviction was thereafter affirmed. State v. Clark, Mo., 412 S.W.2d 493.

■ Appellant, a Negro, in this proceedings to vacate his sentence under Supreme Court Rule 27.26, V.A.M.R., first asserts that "Arbitrary and peremptory striking of all Negroes by the State on the sole basis of race is a denial of Appellant's right to a fair and impartial jury guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, 1945."

On the hearing on this motion appellant's trial attorney testified that the state peremptorily struck all the Negro jurors from the jury panel prior to trial. Appellant testified that there were no Negroes on the jury as finally selected. The trial court found that it "distinctly recalls that there were Negroes on the jury panel, although apparently none were selected to serve on the petit jury which heard the case." It was concluded that appellant was not denied any of his constitutional rights concerning the right to have a jury composed of composite selection of the community. No system operated in Jackson County to exclude Negroes from those eligible to serve on a jury panel, and "The fact that there were no Negroes on the jury panel (sic) is a result of the actions of counsel for the State and for the movant which were permissible under the law." No evidence was presented by appellant tending to show that there was a policy of the prosecutor of Jackson County, ·in case after case, to exclude Negroes from jury service by use of the peremptory challenge, which would come within the admonition of Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759. That case held that in a single case where the prosecutor used all peremptory challenges to exclude qualified Negroes from jury service did not create a purposeful discrimination and was insufficient to establish a prima facie case of such. In this case of lack of proof of purposeful discrimination governing are State v. Huddleston, Mo., 462 S.W.2d 691, 692 [1]; and State v. Smith, Mo., 465 S.W.2d 482 (decided March 8, 1971). Point I is therefore overruled.

■ The second point charges ineffective assistance of counsel. Appellant first says that his counsel, an attorney of his own choosing (as the trial court found), failed to file a motion to suppress statements made by him during custodial interrogation. This case was tried before the June 13, 1966 case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, which is not to be retroactively applied.

Johnson v. New Jersey, 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882; State v. Rapp, Mo., 412 S.W.2d 120, 125 [9–11]. Even if it is true that appellant was not advised of his "Miranda" rights at the time he made statements, such is of no aid to him, and it matters not that his counsel, as he testified, would now move to suppress evidence of the statement on Miranda grounds.

The original transcript of the trial shows that no written statement was introduced into evidence. The reported opinion, supra, sets forth the state's theory that appellant fired at the deceased while being led from a private club. Appellant was then fired at once by deceased's wife, then by one Tom Cook. Appellant's version was that some person shot him, after which he thought of his own pistol, pulled it and fired. An oral statement of appellant was then introduced into evidence in rebuttal through the testimony of Officer Seguin. That statement was given by appellant while in a hospital emergency room. He then told Seguin that some white boys drove by and shot him as he was walking down the street at 47th and Main, and he ran into Antonio's Pizzeria and a man drove him to the hospital. Sergeant LaFountain, who was present, instructed Seguin to call Paul at the Pizzeria to verify appellant's story, and appellant then said, "You know about it you got me." Appellant then stated that he had been in a bar, was refused a drink, got in a tussle, and observed Mrs. Russo going around the bar to get a gun, so he pulled his own gun and started shooting.

As the state points out, Seguin's rebuttal testimony, impeaching in part, was no more damaging to appellant's theory of self-defense than the direct testimony of eyewitnesses. Under the circumstances, and the existing law concerning confessions, the failure to move to suppress the oral confession did not render the trial a mockery, sham or farce (State v. Schaffer, Mo., 454 S.W.2d 60, 65 and cases cited), or that appellant lost his claim of self-defense, which was in fact given to the jury under Instruction No. 8.

■ Appellant says his counsel was ineffective because he did not object to the state's use of its peremptory challenges to strike Negroes from the jury. His counsel testified in this hearing that he made notations of the number of Negroes on the panel, a total of ten persons. There was no evidence of any practice of the prosecuting attorney to exclude Negroes from jury service by use of peremptory challenges. As far as this record shows, nothing was then apparent to counsel, a trial lawyer in criminal cases of much experience, which would cause him to believe that he should enter an objection to the use by the state of peremptory challenges based on any "case after case" purposeful exclusion of Negroes from juries. See State v. Mooring, Mo., 445 S.W.2d 303, 305 [2], holding that only if a defendant was deprived by design of the chance of having Negroes on the jury would his constitutional rights have been invaded, and that he was not absolutely entitled to have Negroes on the panel.

■ The last grounds for appellant's charge of ineffective assistance of counsel relate to his failure to object to the prosecutor's argument in saying first, "On this information we charge the crime of which we think the defendant is guilty." No objection was immediately made, but nine pages later in the original transcript a motion was made to have the jury disregard the statement, and for mistrial on the ground that the statement was an expression of personal opinion. The opinion (loc. cit. 412 S.W.2d 497 [5–8]) held in effect that there was no timely objection, but went on to consider the same and stated that the statement was "excerpted from its context and given a prominence and meaning all out of proportion to its place in the argument"; that it was doubtful that it was an expression of opinion, but if so the trial court had some discretion in considering its prejudicial effect. The matter need not be further discussed, for if there is no prejudice counsel cannot be faulted for failing to make appropriate, timely objections.

The second state's argument was that appellant was "on the lam from the police department." This comment was based upon appellant's own testimony that when he arrived in Kansas City on the day of the murder he did not want the police to know he was in town, "Well, they probably had a warrant out for my arrest, I guess," and the police wanted to see him, but he did not know why. It is reasonably clear that the argument was not objectionable because it was based upon the evidence, and hence counsel cannot be faulted for failing to object.

The findings and conclusions of the trial court on this record are not clearly erroneous, and the judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.