Kerry BROWN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 55776.

Supreme Court of Missouri,
Division No. 2.

Sept. 13, 1971.

Busch, Ossenfort & Baine, Robert P. Baine, Jr., Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

HENLEY, Judge.

This is an appeal from a judgment overruling appellant's (hereinafter movant) motion to vacate and set aside a judgment imposing a sentence of 45 years on his conviction by a jury of assault with intent to kill with malice aforethought. Sup.Ct. Rule 27.26, V.A.M.R.

The judgment of conviction of assault with intent to kill with malice was affirmed on appeal to this court. See State v. Brown, 443 S.W.2d 805.

■ Movant, a Negro, contends that he was denied federal and state constitutional rights to equal protection of the law in the assault case in that the state, by use of its peremptory challenges, struck all Negroes from the panel of prospective jurors solely because they were Negroes; that this use of its peremptory challenges was a "* * * systematic, arbitrary and discriminatory * * *" practice by the state to prevent Negroes from serving on the trial jury; that § 546.180, RSMo 1969, V.A.M.S., providing for peremptory challenges of jurors, is unconstitutional for the above reasons. The record shows that all Negroes on the jury panel were stricken by the state by use of its peremptory challenges, but it does not show that they were stricken because they were Negroes or that this was part of a consistent, systematic practice of the state.

The same point raised in this case was raised in State v. Davison, 457 S.W.2d 674, l.c. 676–678, and ruled contrary to movant's position. See also State v. Bradford, 462 S.W.2d 664 [5]; State v. Smith, 465 S.W.2d 482 [2]; Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed. 2d 759.

■ Movant's second point is that he "* * * was denied his right to counsel when court appointed counsel announced before trial his sincere belief that he was not capable of the defense of the * * * [assault case] and [the] trial court refused appellant other counsel." Movant asserts that the basic facts in this case are essentially the same as those in State v. Riley, 394 S.W.2d 360 [3], and he candidly concedes that this point was ruled in the Riley case contrary to his position in this case. The record of the trial of the assault case supports the court's finding that appointed counsel performed his duties capably and diligently and that defendant had a fair trial. Defendant was not denied his right to counsel. The finding and judgment of the trial court is not clearly erroneous.

The judgment is affirmed.

MORGAN, P. J., and DONNELLY, J., concur.

FINCH, J., not sitting.