**STATE of Missouri, (Plaintiff) Respondent,**

**v.**

**John Richard SECHREST, (Defendant) Appellant.**

**No. 57024.**

Supreme Court of Missouri, Division No. 1.

Oct. 9, 1972.

———◆———

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Thomas J. O'Brien, Henry H. Fox, Jr., Kansas City, for appellant.

HOLMAN, Presiding Judge.

■ Defendant was charged with and found guilty of the offense of burglary in the second degree. See §§ 560.070 and 560.095(2).[1] The jury having failed to fix the punishment such was fixed by the trial court at five years' imprisonment. Defendant has duly appealed from the ensuing judgment. We have jurisdiction because the appeal involves a felony conviction and was taken prior to January 1, 1972, the effective date of new Article V, § 3, of the Missouri Constitution, V.A.M.S. We affirm.

Mrs. Margaret Stith testified that she lived with her husband on a farm located about four miles from Altamont in Daviess County; that on November 10, 1970, she was at the milk barn when she saw a car back into their driveway; that the driver knocked on their back door and made a lot of noise but then left in the car; that a short time later he returned and again backed his car into the driveway; he approached the back door, which he opened and entered quickly, closing it behind him; that she was scared and did not go to the house, but when she heard the car motor start and knew that he was leaving she did so; that when she entered the house she saw that the contents of her big purse had been dumped out on a table and her billfold, with $82.00 in it, was missing; that a tool box was also missing from the kitchen, and an air compressor and chain saw had been taken from the premises; that she called the sheriff's office and reported the situation, describing the car as a "gold car with a fancy back"; that a little later that day the sheriff and Patrolman Jefferson came to her farm with the defendant; that she returned to Altamont with the patrolman and as they were driving in town she saw a parked car (the one driven by defendant) which she identified as the one which had been at their farm; that still later in the afternoon she was in the sheriff's office when the defendant got up and walked across the room to her and said, "Lady, I did take your things, and if I give them back will you drop the charges against me?" This witness also identified her billfold which had been obtained in a search of defendant's car. She testified that she was not close enough at the time to the person who entered her home to identify him and that she did not get the license number of the car.

L. D. Jefferson testified that he is a highway patrolman; that he had received

1. Statutory references are to RSMo 1969, V.A.M.S..

information on the day in question from Deputy Sheriff Alexander concerning this burglary and received a description of the car; that as he proceeded into Altamont he saw a gold colored car and followed it; that the car stopped and was parked and that he approached the driver, later identified as the defendant, and asked for his identification; that while he was looking at defendant's driver's license the sheriff arrived and they all drove to the Stith home; that he had noticed a peculiar marking on one of the tires of defendant's car and observed a track of a similar tread in the Stith driveway; that when he returned to Altamont Mrs. Stith accompanied him and that he later took her to Gallatin, the county seat.

Frank Alexander testified that he is Deputy Sheriff of Daviess County; that at the time in question he received a call from Mrs. Stith reporting the burglary, and then communicated with Corporal Jefferson requesting that he proceed to the Altamont vicinity; that later that day he participated in a search of the gold colored '66 Toronado automobile of the defendant, and found the billfold belonging to Mrs. Stith and a green tool case belonging to B. D. Stith.

Sheriff Harold Appley testified that he examined the car of the defendant on the day of the burglary and visited the Stith farm; that he observed a track of the unusual tread on one of defendant's tires in the driveway at the Stith home; that later that day he was told by the defendant that "he had taken the money."

The defendant did not testify nor offer any evidence.

The principal contention of defendant on this appeal is that the court erred in failing to sustain his motion for a mistrial made during the argument of the prosecuting attorney. He says that certain statements of the prosecutor constituted a direct comment on his failure to testify. The portion of the argument complained of is as follows: "Like I said, this is a case of circumstantial evidence. There was no one who could identify John R. Sechrest as the man who entered that home. But yet there is no one who has come forward with a reasonable explanation for how the property got into the defendant's car." The defendant objected and the court sustained the objection and instructed the jury to disregard the statement and it was ordered stricken from the record. His motion for a mistrial was denied. Supreme Court Rule 26.08, V.A.M.R. (the same as § 546.270) reads, in part, as follows: "If the accused shall not avail himself or herself of his or her right to testify, * * * it shall not be * * * referred to by any attorney in the case * * *."

■ Defendant is certainly mistaken in his assertion that the statement in question was a direct comment on his failure to testify, as such is clearly not the case. This court has held in many cases that the rule and statute do not prohibit a reference to the failure of a defendant to offer evidence but only to the failure of the accused to testify. Such is the settled law of this state. See State v. Hutchinson, Mo. Sup., 458 S.W.2d 553; State v. Kennedy, Mo.Sup., 396 S.W.2d 595 [4]; State v. Hampton, Mo.Sup., 430 S.W.2d 160; State v. Huddleston, Mo.Sup., 462 S.W.2d 691 [3]; State v. Jackson , Mo.Sup., 444 S.W. 2d 389 [6]; State v. Morgan, Mo.Sup., 444 S.W.2d 490; State v. Michael, Mo.Sup., 361 S.W.2d 664 [7, 8]; State v. Hayzlett, Mo.Sup., 265 S.W.2d 321; State v. Thompson, Mo.Sup., 425 S.W.2d 80 [10]; State v. Baker, Mo.Sup., 439 S.W.2d 515 [1], and see cases reviewed therein.

The more specific contention of defendant is that the statement under review would have been considered by the jury as a comment on his failure to testify because he was the only person who could have explained the presence of the articles in the car. We do not agree. If defendant was innocent (as he was presumed to be) he could have disputed that the articles belonged to the Stiths by offering the testimony of various witnesses who could have

testified that he had possession of those items before the burglary. For example, he could have offered evidence from his bank showing that he had recently withdrawn $80 or more from his account. He could have offered witnesses who would testify that they had sold him the items found in the car or, as stated, had seen them in his possession before the time of the burglary. A contention similar to the one before us was ruled adversely to the defendant in State v. Hampton, supra, and State v. Kennedy, supra. The Kennedy case is very much like the case at bar. There the property stolen in a burglary was found in defendant's apartment. The prosecutor in his argument stated, " 'Now, on July 23, 1963, that property was in the home of John Kennedy. There has been no explanation as to how that property got there.' " 396 S.W.2d 1. c. 599. The statement was held not to be an improper comment on defendant's failure to testify.

■ For the reasons indicated, we rule that the argument complained of was not a reference to the failure of the accused to testify and that no violation of the rule and statute occurred. Moreover, it should be mentioned that the trial court did sustain the objection to the argument and instructed the jury to disregard it. Any possible prejudice should have been dispelled by that ruling. We also have the view that the facts of this case distinguish it from the case of State v. Snyder, 182 Mo. 462, 82 S.W. 12, upon which defendant principally relies.

■ The next point briefed is that "the trial court erred in failing to suppress items taken from defendant's motor vehicle pursuant to an improperly issued search warrant." Considerable evidence was offered at the hearing of the motion to suppress. The evidence indicates that defendant was present and assisted in the search; that he removed some old trousers from the car and obtained the billfold, with the money in it, from one of the pockets; that he then opened the trunk and assisted in removing the other items alleged to have been taken in the burglary.

There is evidence indicating that defendant consented to the search and waived the necessity of a search warrant. The deputy sheriff testified that after defendant admitted the theft of the property "he asked me if I wanted to go on down to get the items from the car; that a search warrant wouldn't be necessary." We do not, however, base our decision on that ground.

Relying on Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, defendant contends that the search warrant was illegal because issued upon an inadequate affidavit by the sheriff. We have decided that we need not determine the question as to the sufficiency of the affidavit. This for the reason that the search warrant may be disregarded because there was ample evidence to establish probable cause for the officers to make a search of the car. We need not recite in detail the evidence given at the hearing of the motion. It is sufficient to summarize the information in possession of the officers at the time of the search, as follows: A burglary had taken place at the Stith home and certain valuable items had been taken by a man driving a gold colored car; shortly thereafter the patrolman stopped defendant in the vicinity while driving a car of that description; the car was identified by Mrs. Stith as the one that was at her home; the identification was corroborated by tracks observed in the driveway at the Stith home; the defendant had confessed that he had been at the Stith farm and had stolen the items in question; the defendant had indicated that the items were in his car.

The recited facts certainly constitute probable cause for the search. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; Mace v. State, Mo.Sup., 458 S.W.2d 340 [1]; State v. Smith, Mo.Sup., 462 S.W.2d 425; State v. Edmonds, Mo.Sup., 462 S.

W.2d 782 [2, 3]; and State v. Plant, Mo. Sup., 461 S.W.2d 736 [1].

For the reasons indicated we rule that the trial court did not err in overruling the motion to suppress.

■ There is no merit in defendant's final point which is that the court erred in admitting evidence of defendant's admission of guilt. It is said that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, had not been complied with. The sheriff testified that upon making the arrest he gave the defendant the usual "Miranda rights warning." Moreover, it appears that the admission was not made as a result of interrogation by the officers but was a voluntary statement directed to Mrs. Stith. We accordingly rule this contention adversely to defendant.

The judgment is affirmed.

KEET, Special Judge, concurs.

SEILER, J., concurs in result in concurring opinion filed.

BARDGETT, J., not sitting.

SEILER, Judge (concurring in result).

I concur in the result because I recognize that under prior decisions of the court the argument made by the prosecutor will not be regarded as a prohibited comment on defendant's right not to testify.

However, I am unable to agree with the reasoning that if a defendant is innocent he should be able to produce third parties as witnesses to explain away incriminating evidence. The inference seems to be that if he does not produce witnesses he is not innocent. This would reverse the presumption of innocence.

Not only that, it could easily happen that an innocent person could not produce any witnesses. Not every one is fortunate enough to have everything he needs to establish his innocence take place before known or ascertainable witnesses.