**STATE of Missouri, Respondent,**

v.

**Zanders J. KELLY, Appellant.**

**No. KCD 26671.**

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

Willard B. Bunch, Public Defender, Robert A. Simons, Asst. Public Defender, *Kansas City, for appellant.*

John C. Danforth, Atty. Gen., Neil MacFarland, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., SWOF-FORD and SOMERVILLE, JJ.

PER CURIAM.

Appeal from a conviction for robbery in the first degree, upon an amended information charging a prior felony conviction. Defendant was sentenced by the court to a term of twenty years in the Department of Corrections. Appellant presents only one point on appeal, namely, he contends that the state by peremptory challenges struck all Negroes from the petit jury thereby denying defendant a jury of his peers in violation of the Sixth and Fourteenth Amendments of the United States Constitution.

No claim on the sufficiency of the evidence being raised, and no insufficiency appearing, the facts are briefly stated. The robbery occurred on the evening of August 25, 1972. Mark Williams and some friends were drinking beer and listening to records in Williams' apartment. During the evening, one Kenneth Counts and a

friend arrived at the apartment, stayed for a while, and asked to invite a friend waiting outside to come in. The man waiting in the car was the defendant, Zanders J. Kelly.

Upon entering the apartment, defendant allegedly pulled a gun, announced the robbery, ordered everyone to the floor, and tied them up. With the assistance of the unnamed friend of Counts, defendant allegedly escaped with the valuables of those present and the stero and portable T.V. of Mark Williams.

The parties have filed a stipulation with this court that a panel of 40 prospective jurors were present for trial. Prior to voir dire, the court dismissed six jurors, none of whom were Negroes. Of the remaining 34 jurors, 6 were Negroes. None of these 6 were challenged for cause, all were struck by the prosecutor, by means of peremptory challenge.

Objection to the array of the petit jury was first raised by oral objection after the panel was sworn. Counsel objected that the state had systematically excluded members of the defendant's "race and color" and requested the jury be discharged. However, no evidence was offered to demonstrate discriminatory conduct by the state.

■ A challenge to the array of a grand or petit jury should be raised before the jury is sworn, where the grounds for objection are known. State v. Robinson, 484 S.W.2d 186 (Mo.1972); State v. Smith, 240 S.W.2d 671 (Mo.1951); Varble v. Whitecotton, 354 Mo. 570, 190 S.W.2d 244 (banc 1945). When the challenge to the array claims a denial of right to equal protection of the law, objection before the trial begins is sufficient. State v. Hemphill, 460 S.W.2d 648 (Mo.1970); State v. Richetti, 342 Mo. 1015, 119 S.W.2d 330 (1938).

■ A defendant is not guaranteed a "mixed" or "proportional" jury in a particular case by the Equal Protection Clause.

State v. Brown, 119 Mo. 527, 24 S.W. 1027 (1894); State v. Brownridge, 353 S.W.2d 715 (Mo.1962, first appeal); Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667 (1879). Defendant is entitled to a jury selected without purposeful and systematic discrimination against an identifiable group, State v. Gray, 478 S.W.2d 654 (Mo.1972) [see also Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967)]. The constitutional guarantee is for a fair and impartial jury, State v. Butts, 349 Mo. 213, 159 S.W.2d 790 (1942); selected from a representative cross-section of the community eligible for jury service, State v. Smith, 467 S.W.2d 6 (Mo.1971); with the chance of having Negroes on the panel, State v. Brownridge, 459 S.W.2d 317 (Mo. 1970, second appeal).

■■ A defendant challenging the array of a petit jury must adduce facts sufficient to establish a prima facie case of systematic exclusion of an identifiable class from jury service. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); State v. Mooring, 445 S.W.2d 303 (Mo.1969). Appellant has not sustained the burden on the record before us.

■ The record contains only the objection and statement of counsel asserting systematic discrimination. Objection and statement of counsel "are not evidence of the facts stated in the objection." State v. Warters, 457 S.W.2d 808, 812 (Mo.1970); State v. Roland, 336 Mo. 563, 79 S.W.2d 1050, 1051 (1935). Assertions of counsel during a trial do not prove themselves, State v. Dowe, 432 S.W.2d 272 (Mo.1968); State v. Mooring, supra.

■ The presumption is that in any particular case, the state's peremptory challenges have been exercised to obtain a fair and impartial jury. The importance of the peremptory challenge, by its history, nature and purpose (Swain v. Alabama, supra, 380 U.S. l. c. 223, 85 S.Ct. l. c. 837) :

"insulate(s) from inquiry the removal of Negroes from a particular jury on the

assumption that the prosecutor is acting on acceptable considerations related to the case he is trying, the particular defendant involved and the particular crime charged."

See also: State v. Johnson, 499 S.W.2d 371 (Mo.Sup., decided Oct. 8, 1973).

The only argument of fact in support of appellant's objection is that the state used 60% of its peremptory challenges to strike 100% of the Negro jurors, who constituted 18% of the jury panel. Clearly, the presumption protecting the prosecutor's use of peremptory challenges as provided in Section 546.180 RSMo 1969, V.A.M.S., may only be overcome upon proof of facts showing discriminatory, systematic exclusion of Negroes. Swain v. Alabama, supra [See also: Brown v. State, 470 S.W.2d 543 (Mo.1971); State v. Smith, 465 S.W.2d 482 (Mo.1971); Clark v. State, 465 S.W.2d 557 (Mo.1971); State v. Davison, 457 S. W.2d 674 (Mo.1970); State v. Selman, 433 S.W.2d 572, 577 (Mo.1968)]. Such presumption survives a close and critical scrutiny of the record before us.

The judgment is affirmed.