**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robert Harry PLANT,**
**Defendant-Appellant.**

**No. 37009.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 13, 1976.

James C. Jones, Robert G. O'Blennis, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, B. J. Jones, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James A. Roche, Jr., St. Louis, for plaintiff-respondent.

KELLY, Judge.

This appeal from a denial of a petition for Writ of Error Coram Nobis by the Circuit Court of the City of St. Louis seeks vacation of a sentence imposed on a plea of guilty to a charge of robbery in the first degree by means of a dangerous and deadly weapon, entered on May 13, 1960, without an evidentiary hearing. We affirm.

Appellant in his petition for Writ of Error Coram Nobis alleges that he pleaded guilty to a charge of burglary in the second degree in Cause No. 1005–H and immediately thereafter to a charge of robbery in the first degree by means of a dangerous and deadly weapon in Cause No. 1153–H on May 13, 1960, whereupon the trial court imposed sentences of imprisonment for a term of eight years on the burglary in the second degree charge and also for eight years on the robbery charge, the term on the latter to run concurrently with that imposed on the burglary charge. He further alleged that the trial court, the circuit attorney and his own attorney failed to advise him that this sentencing was invalid in that the sentences imposed could not be served concurrently as the sentencing judge had ordered.

Subsequently, and after appellant had commenced serving the terms imposed on his pleas of guilty, and sometime during 1966, after being advised by the record clerk of the penitentiary that the sentences would have to be served consecutively, he filed in the Circuit Court of the City of St. Louis a motion to vacate the aforesaid sentences on the ground that they were improper and unlawful because of the provisions of § 546.480 RSMo V.A.M.S.[1] After a hearing, the judgment and sentence imposed on the burglary charge—Cause No. 1005–H was vacated but the Court did not rule with respect to the sentence on the robbery charge. Appellant completed service of the sentence imposed on the latter.

Thereafter, appellant was charged with burglary and stealing in the Circuit Court

---

1. This section of the Missouri statutes has since been held unconstitutional; *State v. Baker*, 524 S.W.2d 122 (Mo.1975).

of St. Louis County and the Information filed in that cause charged him also with the prior robbery conviction of May 13, 1960. On January 21, 1969, the burglary and stealing case came on for trial and after an evidentiary hearing pursuant to § 556.280 RSMo V.A.M.S.—The Second Offender Act—the trial judge found the provisions of that Act applicable to the trial and took from the jury trying the case the question of sentencing the defendant. After a jury verdict of guilty of burglary in the second degree and stealing in that cause, the trial judge sentenced appellant to imprisonment in the custody of the Missouri Department of Corrections for a term of 8 years on the burglary second degree offense and a term of 4 years for the offense of stealing, the latter sentence to be served concurrently with that imposed for burglary in the second degree. Appellant appealed that judgment and it was affirmed.[2]

As grounds for this writ appellant contends that the trial court had no authority to vacate the judgment and sentence on the burglary in the second degree case—Cause No. 1005–H—without also vacating the judgment and sentence on the robbery charge—Cause No. 1153–H. The thrust of his argument is that this is so because pursuant to the provisions of § 546.480 RSMo 1959 (now § 546.480 RSMo 1969) the sentence for the second conviction cannot be served until the term imposed on the first conviction has terminated, and therefore, by reason of the failure of the trial court to vacate the sentence imposed and served on the robbery charge he was deprived of his right to have a jury determine his punishment in the trial of January 21, 1969, on the charge of burglary in the second degree and stealing. The relief appellant sought in this petition for Writ of Error Coram Nobis is that the trial court vacate the judgment and sentence imposed in Cause No. 1153–H (that imposed on May 13, 1960 on the charge of robbery in the first degree by

means of a dangerous and deadly weapon) by a nunc pro tunc order as of the date the judgment and sentence in Cause No. 1005–H was vacated, February 13, 1966.

The trial court, in its Conclusion of Law filed at the time the application for this Writ was denied, correctly concluded that appellant's petition for the Writ was without merit and failed to state facts upon which the Writ should issue because appellant received all of the relief he was entitled to when one of the sentences imposed on May 13, 1960, was vacated, thus nullifying the effect of the consecutive sentence provisions of § 546.480 RSMo V.A.M.S. and appellant could not thereby have been prejudiced. We note that the only grounds alleged by appellant for setting aside the remaining plea of May 13, 1960, is the misconception of the legality of imposing concurrent sentences on the appellant. However, nowhere in appellant's petition for the Writ is there any allegation that his pleas were influenced or conditioned upon any promise or assurance that the sentences imposed thereon would be concurrent rather than consecutive. His ground for the Writ hinges on the legal effect of the statute and any error in that respect was cured when the trial court vacated the sentence on the first plea entered on that date.

We affirm.

SIMEONE, P. J., and GUNN, J., concur.

---

2. *State v. Plant,* 461 S.W.2d 736 (Mo.1971). In this appeal the question whether the trial court erred in admitting a certified transcript of seri-al record and a certified copy of prior judgment and sentence on the robbery charge in Cause No. 1153–H was ruled adversely to appellant.