**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Jon Rande WHITNAH, Defendant-Appellant.**

**No. 34663.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 13, 1973.

Motion for Rehearing or Transfer Denied
April 6, 1973.

Shaw & Howlett, Terry J. Flanagan, Keith W. Hazelwood, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Allen D. Seidel, Asst. Atty. Gen., Jefferson City, Gene McNary, Pros. Atty., Robert E. Ritter, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

WEIER, Judge.

Jon Rande Whitnah, the defendant, was charged under the Second Offender's Act with carrying a concealed weapon. Trial to a jury resulted in a verdict of guilty, and the court assessed punishment at five years in custody of the Missouri Department of Corrections. Defendant appeals,

contending error in admission into evidence of the weapon, in the state's final argument, and in the refusal of one of defendant's instructions.

The weapon was found in a search of an automobile after an arrest of defendant for traffic violations. Officer Stegen of the Missouri State Highway Patrol had drawn onto the inside lane of southbound Highway 21 in St. Louis County to follow the defendant's truck. When the truck speeded up to 70 miles per hour in a 60 mile per hour zone, Stegen turned on his red lights and spotlight. At this time defendant in his truck turned across the outside lane of the highway in front of another southbound car and then onto a side road to his right. While in this maneuver, he turned out his lights. Stegen immediately applied his brakes, turned to the rear of the southbound car, and followed defendant's truck. The truck stopped about two-tenths of a mile after the turnoff. Stegen jumped out of the patrol car and commanded the defendant to come out of the truck very slowly. Stegen then conducted a search of defendant's person, placed handcuffs on him and informed him that he was under arrest for speeding, driving without lights, and failure to signal for a turn. Another trooper arrived and stayed with defendant-appellant while Stegen returned to look at the interior of the truck cab. The door of the truck had been left open by defendant when he got out. With the door of the truck open, Stegen could see the barrel of a shotgun protruding from under the seat. He then looked under the seat with his flashlight and saw a revolver. On the floor of the cab was an old muzzle-loading type rifle. Stegen then proceeded to take out the shotgun barrel which he found to be only a barrel and inoperable. When he removed the revolver he found it to be a short barrel P.38 nine millimeter automatic pistol. On the seat was a box of ammunition that fit the pistol.

In response to a motion to suppress, a hearing had been held prior to trial. At this hearing, Corporal Wheeler of the Missouri State Highway Patrol, the officer who had assisted Stegen at the time of defendant's arrest, testified that he, Wheeler, was conducting a surveillance of defendant's house. He did not have a warrant for Whitnah's arrest, but wanted to talk to him about a stolen automobile. When he saw defendant leave his home, Wheeler notified Officer Stegen and it was pursuant to that radio call that Stegen followed Whitnah on Highway 21. Wheeler had checked the defendant's past criminal record and had found that he had been arrested for carrying concealed weapons, burglary, and auto theft. Wheeler warned Stegen on the radio that the defendant might have a gun. Stegen testified that he saw the shotgun barrel sticking out from under the seat of the truck before he made any search of the cab. The motion to suppress evidence produced by the warrantless search was denied.

Defendant contends on appeal that the pistol was the product of an illegal search and seizure, and that the court committed prejudicial error in failing first to sustain his motion to suppress the evidence seized as the result of this illegal search and seizure, and second because the court overruled defendant's objection to the introduction and admission into evidence of the pistol as an exhibit. He relies on the case of State v. Meeks, 467 S.W.2d 65 (Mo. banc 1971). In *Meeks*, the police stopped a car because it had an expired license plate. Meeks himself was searched but nothing was found on his person. He was arrested for driving with an expired license plate and then, while he was out of the car standing on the sidewalk, the police searched the car, finding marijuana in the closed "console" located between the two front seats. There the search and seizure of the marijuana was successfully challenged because it was a purely exploratory venture and was not justified as incident to the arrest based on probable cause. Here, however, Officer Stegen saw the barrel of a shotgun protruding from under the seat of the truck in plain view when

defendant left the door of the truck open. Upon peering under the seat, with flashlight, Stegen discovered the pistol. The protruding shotgun barrel, even though it was later found to be inoperable, would be sufficient probable cause to support a search for other weapons as being the "something more" to which Finch, J., referred in his concurring opinion in *Meeks,* supra, 467 S.W.2d, l. c. 68. The case at bar is actually very similar to the facts in State v. Smith, 462 S.W.2d 425 (Mo.1970), where the arresting officer saw a rifle in the car and a large object in the open trunk covered with a rug. Previously the automobile had been stopped and defendant arrested because of a stolen license plate appearing on the automobile. After defendant was arrested for stealing a license plate, he was taken to the district police station. Meanwhile, an officer searched defendant's automobile and seized the rifle, some clothing, some binoculars and a color television set which had been in the trunk under the rug. Under such circumstances, the officers had proper knowledge that the contents of the automobile contained items which, in the words of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790 (1925), "offend against the law". An arrest for a mere traffic offense is not sufficient justification for a search of a vehicle. But where the officer has knowledge of prior existing facts or has observed suspicious conduct or movements of the driver, or has observed the presence of suspicious articles in the car prior to the search, then he would have reasonable grounds to make a search and seizure of the articles without a search warrant. Here, the evasive action of defendant driver in the operation of his truck, the presence of a shotgun barrel protruding from under the seat in open view, and the presence of the pistol under the seat which could be seen through the open door frame with a flashlight, are more than sufficient to justify the seizure of the pistol. Defendant's contentions that the search and seizure were illegal must be overruled.

Defendant next charges the trial court with prejudicial error in denying his motion for a mistrial when references and comments concerning the commission of other crimes by the defendant were made by the assistant prosecuting attorney during the State's closing argument to the jury. During closing argument the State's attorney was commenting upon a statement made by the defense attorney in final argument. The defense attorney had. been talking about his theory that there was no intent to conceal a weapon because several weapons were in the truck. The old rifle was fully exposed on the floor of the truck and the barrel of the shotgun was not concealed. He reasoned from this that if a person had an intent to hide a pistol under the seat he was not going to let the other guns remain in plain view. In response to this, the prosecutor declared that the defense attorney knew that it would be error for him to bring out evidence of other crimes. Defense attorney objected to this and the court sustained the objection, and then instructed the jury to disregard any mention made by the prosecutor of any possible other crimes. The defense attorney thereupon moved for a mistrial. The defendant now argues that it was an abuse of discretion for the trial court not to grant a mistrial.

Questions as to the propriety of oral argument are normally addressed to the discretion of the trial court. A reversal on such ground occurs only upon abuse of the trial court's discretion. State v. Jewell, 473 S.W.2d 734, 741 [8] (Mo.1971). Here the defendant brought out in direct evidence in his case the fact that the rifle and the shotgun barrel were in the cab of the truck and were fully exposed to view. He further brought in witnesses to explain their presence in the truck. When he chided the prosecutor for not mentioning the other guns, he could have expected the prosecutor to retaliate by explaining his reticence in bringing out the fact of their presence in his evidence in chief. Under such facts and in view of such argument

on the part of defendant's counsel, and the direction of the court to the jury to disregard the statement, there was no abuse of discretion in failing to sustain the defendant's motion for a mistrial.

Defendant's final contention on appeal is directed to the court's refusal to submit an instruction offered by the defendant. Defendant offered Instruction A which reads as follows:

"The Court instructs the jury that under the law the offense of unlawfully and feloniously carrying a concealed weapon consists of two elements: the actual carrying on or about the person a concealed weapon and the intention to conceal the weapon. In this regard, you are further instructed if you do not find and believe from the evidence and beyond a reasonable doubt that the Defendant, Jon Rande Whitnah, on the 30th day of March, 1971, intended to conceal the weapon mentioned in the evidence, then you cannot convict the Defendant and it is your duty to acquit him."

The court refused this instruction and instead gave Instruction No. 2 which reads as follows:

"The Court instructs the jury that before you can convict the Defendant of the offense of unlawfully and feloniously carrying a concealed weapon on or about his person, you must find and believe from the evidence and beyond a reasonable doubt that the Defendant intended to carry concealed on or about his person the P.38 nine millimeter automatic weapon mentioned and described in the evidence, and if you do not find beyond a reasonable doubt that the Defendant intended to carry the said weapon concealed on or about his person, then it is your duty to acquit the Defendant."

Defendant contends that Instruction No. 2 "covers the abstract principle" of Instruction A but "totally fails to present an accurate guide as to what the separate and distinct elements of the crime charged are and the fact that all elements of the crime charged must be proven beyond a reason-able doubt; * * *." And he further argues that the instruction given does not place proper emphasis on the element of criminal intent.

It is true that a separate converse instruction must be given if defendant so requests by tender of an accurate converse instruction. State v. Jewell, *supra*, 473 S.W.2d 734, 740 [6] (Mo.1971). But if the subject matter of the converse is "fully and fairly" covered in other instructions given, it is not error to refuse a separate converse tendered by the defendant even though in good form. State v. Murphy, 415 S.W.2d 758, 759 (Mo. banc 1967). Instruction No. 2 "fully and fairly" covered the elements of the crime charged. Since it was given, there was no error in the refusal by the court of defendant's Instruction A.

Finding no error, the judgment is affirmed.

DOWD, C. J., and McMILLIAN, J., concur.

CLEMENS, J., concurs in result.