STATE of Missouri, Respondent,

v.

John CROMWELL, Appellant.

No. 35153.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 23, 1974.

Frank R. Fabbri, III, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Ellen S. Roper, Jefferson City, Brendan Ryan, Circuit Atty., Gary W. Brandt, St. Louis, for respondent.

KELLY, Judge.

This appeal from a conviction of robbery in the first degree by means of a dangerous and deadly weapon presents three allegations of error by the trial court: 1) the overruling of appellant's motion to suppress certain evidence seized from his person and the use of said evidence in the course of the trial; 2) the overruling of appellant's motion to suppress certain evidence seized from the interior of an automobile subsequent to appellant's arrest and the use of said evidence in the course of the trial; 3) the overruling of a certain objection to comments made by the assistant circuit attorney during argument. We find no error in these rulings of the trial court and therefore affirm.

The amended information charged the appellant with robbery in the first degree by means of a dangerous and deadly weapon, to-wit, a pistol, and also contained allegations that appellant had been previously convicted of three felonies. Prior to trial appellant filed a motion to suppress evidence seized from his person and from the automobile he was driving at the time he was arrested. An evidentiary hearing was had and his motion to suppress overruled. During the course of the trial an evidentiary hearing on the prior convictions was conducted out of the presence of the jury, by the trial court and a finding was made that the appellant had been previously convicted of felonies on three occasions as alleged in the amended information.

The sufficiency of the evidence to sustain the conviction is not challenged. From the evidence the jury could have found that on April 25, 1972, at approximazely 2:45 p. m. appellant by means of a revolver robbed Sam Briggs, a licensed security guard, at a public housing project at 1240–1250 Chouteau Avenue in the City of St. Louis, Missouri, and took from him a wallet containing three dollars and a .38 caliber Colt revolver and holster. At the time the robbery occurred another security guard, a Mr. Henderson, and an employee of an elevator company, Mr. Smith, were with Mr. Briggs. The robber ran from the scene and made good his escape. On April 28, 1972, at approximately 3:50 a. m. two police officers of the City of St. Louis were cruising in the vicinity of 11th and Chouteau Avenues when one of them, Officer George Anderson, observed through the rear view mirror an automobile proceeding eastwardly along Chouteau Avenue violate the traffic signal at Twelfth and Chouteau Avenues. Officer Anderson, who was driving the police vehicle, slowed and permitted the automobile he had observed violate the electric signal pass him and then activated the red lights on the police cruiser and fell in behind the automobile which was brought to a stop in front of 810 Chouteau Avenue. As the police officer was proceeding behind the automobile he observed the appellant, who was driving, remove something from his clothing and place it under the front seat of the car he was driving. There were two passengers in the motor vehicle, both seated in the front seat with the driver. After bringing the automobile to a stop, the appellant alighted from the driver's side of the car and walked to the rear of the auto he had been driving; the two passengers remained seated in the car. Officer Anderson got out of the police car, approached the appellant and advised him that he was being stopped for a traffic violation. The police officer then asked to see appellant's driver's license and appellant produced a driver's license stub bearing the name "Leon Strauss," but when questioned further about the license stub it was determined that appellant could not spell the name "Strauss" and he admitted to Officer Anderson that it was not his license stub but that he had found it. The officer placed appellant under arrest for operating a motor vehicle without a driver's license and then proceeded to search his person. This

search produced two .38 caliber special cartridges from appellant's right pants pocket and ten .38 caliber special cartridges and one .38 caliber automatic cartridge from his right rear pants pocket. Officer Anderson thereupon ordered the two passengers out of the automobile appellant had been operating and upon searching the car found a .38 caliber revolver and brown leather holster concealed under the front seat of the auto where appellant sat while he was operating the motor vehicle. At the trial Mr. Briggs identified the revolver and holster recovered from under the seat of the automobile as the revolver and leather holster taken from him in the robbery of April 25, 1972. Both Mr. Briggs and Mr. Henderson identified the appellant as the man who perpetrated the robbery on Chouteau Avenue in the public housing project on that date.

The jury found the appellant guilty of robbery in the first degree by means of a dangerous weapon. A motion for new trial was filed and overruled and the trial court granted the appellant allocution and sentenced him to twenty years in the custody of the Missouri Department of Corrections. This appeal followed.

■ Appellant's first point is directed to the search of his person and his contention that the incriminating items seized as a result of this search were the fruit of an illegal search and seizure and therefore should have been suppressed. We do not agree. It is permissible for an arresting officer to conduct a full search of the person as an incident to an arrest for a traffic violation, Gustafson v. Florida, 414 U. S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); United States v. Robinson, 414 U. S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), unless the arrest was merely a pretext for conducting a search. State v. Moody, 443 S.W.2d 802, 804 [2] (Mo.1969). The record in this case does not support appellant's contention that his arrest was merely pretextual. He was stopped for running a red traffic light and when required to produce a driver's license, he produced a driv-

er's license stub which admittedly was not his own and he so stated to the police officer. It was only then that he was placed under arrest and his person searched by the arresting officer. This was then a lawful arrest and a lawful search incident thereto. Gustafson v. Florida, supra; United States v. Robinson, supra. We rule this point against appellant.

■ Appellant's second point is that the search of the automobile was illegal and therefore the evidence seized from the car should have been suppressed. He relies on State v. Meeks, 467 S.W.2d 65 (Mo.banc, 1971). Here again we do not agree with appellant's contention. While an arrest for a traffic offense may not, in and of itself, authorize a search of the motor vehicle, the right to search the vehicle following a valid arrest of the driver thereof depends upon reasonable cause, if any, the arresting officer has to believe that the contents of the vehicle may "offend against the law." State v. Whitnah, 493 S.W.2d 32, 34 [1, 2] (Mo.App.1973). Because of their mobility, automobiles are subject to search without a search warrant upon facts which would not justify the search of a residence or office. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Edmonds, 462 S.W.2d 782, 784 [2, 3] (Mo.1971); State v. Smith, 462 S.W.2d 425, 426 (Mo.1970). Probable cause for the search of an automobile exists where the facts and the circumstances in the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant one of reasonable caution to form the belief that an offense has been or is being committed or that the contents of the automobile "offend against the law." Carroll v. United States, 267 U.S. 132, 156, 45 S.Ct. 280, 69 L.Ed.2d 543 (1925); State v. Hornbeck, 492 S.W.2d 802, 805 [1] (Mo. 1973).

■ On the basis of the record before us this appellant was lawfully arrested for running a red traffic light and for operating a motor vehicle without a valid opera-

tor's license. As an incident to the arrest the police officer searched the appellant's person and discovered a number of .38 caliber cartridges in appellant's pants pockets. The uncovering of these cartridges when viewed in the light of appellant's suspicious movements observed by the arresting officer as he proceeded behind the automobile being operated by the appellant indicating an effort to conceal something under the front seat of the car was, in our opinion, sufficient to afford the arresting officer probable cause to believe that the weapon for which the appellant possessed the cartridges found on his person might be cached under the front seat of the automobile. United States v. Jones, 452 F.2d 884, 888 [6] (8th Cir. 1971); United States v. Pointer, 384 F.Supp. 600, 605 [8] (W.D. Mo.1972). The facts of this case which support probable cause for the search of the car were missing in Meeks, supra. There Meeks was stopped for operating a motor vehicle with an expired license plate; the driver remained erect behind the steering wheel, in clear view, and made no motion toward the center of the car. Meeks, the driver, produced his driver's license and said the car was his; he was then ordered out of the car, was told he was under arrest for "expired state license plate" and when the officer searched his person nothing of any incriminating nature was found. It was after a fruitless search of defendant's person that the search of Meeks' auto was conducted and the marijuana was found in the closed console of the car, and a yellow paper containing a white powder (whose composition could not be determined after laboratory testing) was found in a closed glove compartment. As the court, 467 S.W.2d, l. c. 66, said, " . . . it is significant there was not a single . . . circumstance in evidence . . . to raise any suspicion that appellant had done, was doing, or was about to do any illegal act, other than driving his car with expired plates. There were no facts in evidence upon which anyone could believe the officer was in any danger from the contents of the car." Having had probable cause to search the motor vehicle, the revolver and holster were lawfully seized and the trial court was correct in overruling appellant's motion to suppress the evidence and admitting it into evidence. We rule this point against appellant.

Appellant's third and final point, is directed to the trial court's overruling of his objection to argument by the assistant circuit attorney which, paraphrased, suggested to the jury that if, in their deliberations, they had any doubt about the identification testimony of Mr. Briggs and Mr. Henderson they should also consider the fact that the serial number of the revolver which had been taken in the robbery from Mr. Briggs had been filed off when the revolver was recovered by Officer Anderson from the car driven by the appellant. This fact, counsel argued, should be considered by the jury as some evidence that the appellant had good reason to file the serial number off the gun so that it could not be traced to the robbery and incriminate him. Appellant's defense was alibi. The objection interposed by appellant's counsel was that there was no evidence appellant had erased the serial number of the gun and therefore the assistant circuit attorney was inviting the jury to speculate. The trial court overruled this objection and said that the jury would have to weigh the argument. The assistant circuit attorney then continued his argument, pointing out that perhaps his opponent misunderstood him, and that the thrust of his argument was that if someone other than the appellant perpetrated the robbery and then gave possession of the revolver to the appellant there would be no reason for the appellant to erase the serial number of the weapon since the only person who would want to eradicate the gun's serial number would be someone who knew that it was the fruit of a robbery.

Appellant's contention on appeal is that this line of argument was error because it (1) accused the appellant of a crime not in evidence,[1] and (2) it invited the jury to speculate on matters not in evidence.

■ Appellant's first contention under this point cannot be considered in this

**148**

court because it was raised for the first time in his brief filed here and was not asserted at the time his objection was interposed at trial nor was it raised in his motion for new trial. Rule 27.20, V.A.M.R.

■ With respect to appellant's second contention under this point, questions of the propriety of oral argument are normally addressed to the discretion of the trial court, State v. Whitnah, supra, 493 S.W.2d 1. c. 35 [3], and an appellate court will not interfere unless the record demonstrates that the trial court abused its discretion and the appellant was thereby prejudiced. State v. Jewell, 473 S.W.2d 734, 741 [8] (Mo.1971). Counsel, in argument, may properly comment on matters in evidence and on any legitimate inferences to be drawn therefrom. State v. Baldwin, 358 S.W.2d 18, 27 [13] (Mo.1962). The record in this case contains evidence that Mr. Briggs testified without objection that the .38 caliber revolver was his gun and that the serial number had been filed off; a firearms identification expert, Detective Joseph Brasser, of the St. Louis Police Department Laboratory, testified that the serial number on the revolver identified by Mr. Briggs as the one taken from him in the hold-up had been obliterated and that he had restored it by a process known as the "acid etching process," and that the serial number of the revolver was "D366021." Mr. Briggs further testified that a "Federal Firearms Transaction Record" bearing his signature was filled out by him when he purchased the revolver, and this record showed the serial number of the gun he had purchased to be "D366021." Officer Anderson, without objection, also testified that the gun marked and identified as Exhibit No. 2 was the .38 caliber revolver he found under the front seat of the car appellant was driving at the time of his arrest. With the record in this state, and in the absence of any evidence that the gun once taken from

Mr. Briggs had been in anyone else's possession prior to the time it was obtained from the motor vehicle under the seat appellant had occupied while he was driving the car through the red traffic light immediately prior to Officer Anderson's apprehending him, we conclude that the assistant circuit attorney's argument with respect to the inference which the jury might draw from the filing of the serial number from the gun was proper and the trial court correctly overruled appellant's objection. We also rule this point against appellant.

We have considered those portions of the record required by Rule 28.02, V.A.M.R. and find them to be in proper form.

The judgment of the trial court is affirmed.

DOWD, C. J., and SIMEONE and WEIER, JJ., concur.

1. The crime referred to by appellant is possession of a gun without a serial number, Sec. 564.640, RSMo 1969, V.A.M.S.