**STATE of Missouri, Respondent,**

v.

**Frank E. JASPER, Appellant.**

**No. KCD 27186.**

Missouri Court of Appeals,
Kansas City District.

March 3, 1975.

Motion for Rehearing and/or Transfer
Denied March 31, 1975.

 

Willard B. Bunch, Public Defender, R. Wm. Bloemker, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Defendant appeals from a conviction by a jury of stealing over $50. The jury assessed the punishment at six years and the trial court reduced the punishment to five years.

Because of the nature of the points raised by the defendant, a detailed recital of the facts is not necessary. It is sufficient to state that the evidence, all from witnesses called by the State, and the defendant's voluntary statement showed beyond any doubt that the defendant shoplifted phonograph records and removed them from the store. A security guard for the store observing the theft followed the defendant and, in attempting to arrest the defendant and return him to the store, he was assaulted by the defendant.

The defendant raises two issues under Rule 27.20(c), V.A.M.R., claiming that both represent clear error.

■ The first claim of plain error is that the trial court erred in permitting the State to prove the assault on the security guard since it proved the "commission of another independent offense not charged." The point is without merit. The assault is so inextricably bound up in the facts of the basic offense of theft that the State could hardly have proven the basic offense without at the same time proving the assault. The introduction of this evidence is not error and, certainly, not being error, requires no application of Rule 27.20(c). State v. Childers, 313 S.W.2d 728, 733 (Mo.1958), in finding no error in admission of evi-

dence of the shooting of an officer during a robbery, aptly adopted the following statement of the applicable rule:

" ' . . ., the state is not required to nicely sift and separate the evidence and exclude the testimony, tending to prove the crime for which he [the accused] is not on trial, when it forms part of the res gestae of the crime charged.' "

Defendant's second point is that the final argument of the prosecutor contained an improper and inflammatory comment that plainly implied to the jury that the defendant had prior convictions of stealing. The portion of the prosecutor's argument in question must be read in the context of the whole case. As already stated, the defendant's guilt of shoplifting was established beyond any doubt. It is particularly significant to point out in addition the precise nature of defendant's actions in the course of this shoplifting. Defendant wheeled a shopping cart up to a record rack and then randomly grabbed handfuls of albums and put them into his cart until he had taken 45 albums. In doing so, defendant made no effort to make any particular selection, and it was obvious to the security officer who was watching that defendant was not interested in any particular artist or any particular items of music. Another significant item of evidence was defendant's own statement given to the police on September 1, 1973, in which he stated that he was unemployed, and in which he gave his date of birth as October 16, 1944.

From these facts, the fair inference could be drawn that defendant's theft of the 45 albums was not for his own personal entertainment, but rather was for the purpose of sale. That was the inference which was urged by the prosecutor when he argued to the jury:

" . . . I think that you can reasonably infer from this evidence that this defendant did not take these records for his own use, but took them to sell them.

\*     \*     \*     \*     \*     \*

"Now, I submit to you, gentlemen of the jury, that this isn't an innocent act of some young kid going from stealing a sucker or ice cream bar or one or two records to play at home, this defendant went in there with the sole purpose in mind of taking a big volume of records where he could make some money on it.

.   .   .

\*     \*     \*     \*     \*     \*

"Now this defendant is no kid, he is 29 years old, 28 or 29 years old. He is no kid, he is not to be pitied because of his age or anything like that. He is not out working for a living like every one of you are out working for a living and like I am working for a living. He is out stealing for a living. . . . "

No part of the prosecutor's argument quoted was challenged in the trial court nor has that argument been challenged by the defendant in this court as not being fair and a legitimate inference to be drawn from the evidence.

Unfortunately, the prosecutor did not stop with the foregoing comments. Instead, in further argument, he added one more word and said the defendant was "still" stealing for a living. Defendant's counsel at that point objected for the first time. The trial court sustained the objection and instructed the jury to disregard that argument.

Since the trial court did sustain the objection, the question now before this court is not whether the addition of the one single word "still" rendered the prosecutor's argument improper, but whether the argument was so grossly improper that the trial court was required to go further and grant a mistrial. This represents the only issue in this case.

Bearing upon that issue, the applicable rule was recently stated by this court in a remarkably similar case, State v. Mesmer, 501 S.W.2d 192 (Mo.App.1973) as follows:

"Defendant contends next that the trial court erred in refusing to grant a

mistrial because of certain remarks made by the prosecuting attorney in closing argument. The portion of the argument to which defendant refers concerns the prosecutor's discussion of the large number of cigarettes found in the car, with respect to which the prosecutor then commented as follows: 'Now, you figure he's smoking all that? You figure he's buying it to smoke? You figure he's got a deal somewhere? What's a guy going to do with all these? He's going to sell them. He steals for a living.'

"Defendant's counsel objected to the last comment, and the court sustained the objection and instructed the jury to disregard the comment in question. However, the court overruled defendant's motion for a mistrial on this matter.

"The granting of a mistrial is a drastic remedy which is to be used sparingly. Action in this regard is peculiarly within the discretion of the trial court, and the exercise of that discretion will not be disturbed absent clear abuse. State v. Phelps, 478 S.W.2d 304 (Mo.1972); State v. Whitnah, 493 S.W.2d 32 (Mo. App.1973). No abuse of discretion appears here."

■ The seriousness of error in any given argument depends on all the circumstances of the particular case. Whether the error was so serious as to result in prejudice not remediable by anything short of a mistrial rests basically in the sound discretion of the trial court, who was physically present and who could better evaluate the trial flavor. Precedents in this area, as to what constitutes the degree of seriousness requiring a mistrial, are of only minor value because of factual differences in each case. Nevertheless, the cases of State v. Cohen, 100 S.W.2d 544 (Mo.1936) and State v. Rousslang, 258 S.W.2d 627 (Mo.1953) illustrate situations where the Missouri Supreme Court has found no error in denying a mistrial, though the argument by the prosecutor was even more subject to criticism than the one in this case.

In the Cohen case, the accused was charged with knowingly receiving stolen property and the prosecutor referred in his closing argument to other convictions of the defendant on similar charges. Objection was made by defense counsel. The trial court sustained the objection and instructed the jury to disregard the argument. Then counsel asked the court to reprimand the prosecutor and to discharge the jury. The trial court refused to take the latter actions. Under these facts which were even more favorable to the defendant than in the case at bar, since in Cohen the defendant 'asked that the prosecutor be reprimanded which was not asked in this case, the Supreme Court held:

"The trial court ruled that the argument was improper and instructed the jury to disregard it. Discharging a jury for improper argument lies largely within the discretion of the trial court. State v. Smith, 313 Mo. 71, 281 S.W. 35, loc.cit. 40 (14–16). The ruling of the trial court, in sustaining the objection to the argument and instructing the jury to disregard the same, was in our opinion sufficient to remove any prejudice, if any, that may have resulted from the prosecutor's statement. State v. Albritton, 328 Mo. 349, 40 S.W.2d 676, loc.cit. 681 (15); Kamer v. Missouri-Kansas-Texas R. Co., 326 Mo. 792, 32 S.W.2d 1075, loc.cit. 1084 (17, 18); State v. Bundy (Mo.Sup.) 44 S.W.2d 121, loc.cit. 124 (6–8)."

Similarly in the Rousslang case, the prosecutor in closing argument referred to the defendant as a "spook" and a "burglar." The trial court sustained defendant's objection and admonished the jury that there was no justification for the statement. However, the trial court overruled the defendant's request for a mistrial. The Supreme Court held that that did not constitute reversible error, citing State v. Cohen and other cases.

Similarly here the trial court acted within its discretion in determining that the error represented by the prosecutor's argument had been sufficiently corrected by the sustaining of defendant's objection and instructing the jury to disregard that argument.

But there is still more. Defendant in this case failed to file a motion for a new trial. Consequently, he can be heard in this court only within the scope of what can be considered "plain error" under Rule 27.20(c). The Supreme Court has stated repeatedly that the plain error rule is not to be applied routinely. Especially is the invocation of that rule improper where defendant's guilt is established, as in the present case, by overwhelming evidence. State v. Caffey, 457 S.W.2d 657, 660 (Mo. 1970); State v. Evans, 324 Mo. 159, 23 S. W.2d 152, 155 (1929). The claim of error in this case is at best tenuous and highly debatable. Under these circumstances, the regular rules of procedure, among which is the requirement of a motion for a new trial, should not be ignored and set aside.

Affirmed.

SHANGLER, J., concurs.

DIXON, J., dissents in separate opinion filed.

DIXON, Judge (dissenting).

I cannot agree with the majority opinion in its holding that the refusal of the mistrial in this case is not plain error under Rule 27.20(c).

I conclude that it constitutes plain error because the argument plainly can be read as referring to prior convictions, particularly because of its repetition, and because I believe it is the purest speculation to ascribe the six-year sentence in this case to the issue of the assault on the policeman and not to the implication of prior convictions of the defendant. I do not see how it can be determined, absent speculation, that the improper reference to prior convictions did not result in a heavier sentence.

The basic premise of my dissent is that the impropriety of the reference to prior convictions to enhance punishment cannot be cured by simple admonition but must result in a mistrial.

Fundamental to our concept of a fair trial is the principle that proof of prior offenses is not to be admitted in aid of the proof of the present offense, nor to permit the jury to enhance the punishment for the present offense by an improper consideration of the prior convictions of the defendant. State v. McKnight, 486 S.W.2d 415 (Mo.1972); State v. Mobley, 369 S.W.2d 576 (Mo.1963); State v. Jackson, 336 Mo. 1069, 83 S.W.2d 87 (1935). The principle of the exclusion of prior offenses is based on policy and not on logic. The policy recognizes that evidence of other crimes or comment on other crimes is highly prejudicial. The cases enunciating the policy basis for the rule refer to the fact that the jury may give too much weight to such prior offense, thus resulting in the conviction of the defendant on the grounds he is a bad man and not because of his specific guilt. The authorities in other jurisdictions showing that the adherence to the rule rests on a policy basis are annotated in Volume I, Wigmore on Evidence, Section 57, and Jones, The Law of Evidence, Volume 1, Section 4.18, p. 417.

It is likewise clear that under Missouri law, the policy basis is strong enough that even in cases where the evidence of prior convictions has been properly introduced under an exception to the rule excluding evidence of prior convictions, argument of that evidence is circumscribed by the exception to the rule. Thus, where the prior convictions are admitted for impeachment, the State commits reversible error when it utilizes these convictions to argue either the inference of guilt or the enhancement of punishment. State v. Jackson, supra, at l. c. 94. State v. Mobley, supra, at l. c. 580.

Where the second offender statute is not invoked, the cases both under the old statute and the present one forbid the prosecutor to argue prior convictions to enhance the punishment. State v. Nickens, 403 S. W.2d 582 (Mo. banc 1966); State v. Jackson, supra, l. c. 93–94; State v. Mobley, supra, l. c. 579–581; State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524, 526–529 (Mo. banc 1947); State v. Baber, 297 S.W.2d 439, 442–443 (Mo.1956); State v. Webb, 254 Mo. 414, 162 S.W. 622, 628 (1914).

At one time in Missouri, pursuant to the then-effective statutes, proof could be made to the jury of prior offenses and that proof argued as bearing on the issue of punishment. State v. Robertson, 328 S.W. 2d 576, 584 (Mo.1959). That anomaly no longer exists.

The present statute relating to enhancement of punishment, Section 556.280 RSMo 1969, V.A.M.S., does not permit the jury to have before it the evidence of prior offenses for the purpose of application of the second offender act. This change in the law is a recognition by the Legislature that the jury might be misled by the introduction of the prior convictions and utilize them for the purpose of a determination of guilt or the enhancement of the punishment and clearly establishes public policy against the use of prior convictions by a jury for such purposes.

Against the direct attack that statutes like the prior Missouri statute violated the fundamental fairness test of the Due Process clause, the United States Supreme Court, in a five-to-four decision, held that the use by the jury of prior convictions to enhance punishment did not constitute constitutional error. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). The dissenters would have held that introduction of prior criminal offenses under a second offender statute, absent a compelling state interest to produce the evidence for a legitimate purpose such as impeachment, would constitute constitutional

error. The dissenting opinion points out that admission of such evidence in a Federal trial would be reversible error and that many states adhere to that rule. The authorities are collected in the footnotes to the dissent.

What has been demonstrated by this analysis is that a rule of policy exists barring improper argument of convictions just short of a determination that such argument is constitutionally impermissible.

The strength of that policy is demonstrated by the fact that courts have always considered jury knowledge of prior convictions as being very damaging to the defendant. In Mobley, supra, the court said, l. c. 581:

All lawyers and judges know that a *jury's knowledge of prior convictions is, in itself, a most damning thing in the trial of a criminal case.* When used for legitimate purposes, the defendant must take his chances on this. But prosecutors should not seize upon such an opportunity to further prejudice the defendant by *undue repetition and insinuations,* or to convey the idea of guilt by reason of the prior offenses. (Emphasis added.)

Another forceful expression of the damaging effect of such prior convictions is found in the language of Chief Justice Warren in Spencer, 385 U.S. l. c. 575, 87 S.Ct. l. c. 659, 17 L.Ed.2d l. c. 620:

Evidence of prior convictions has been forbidden because it jeopardizes the presumption of innocence of the crime currently charged. A jury might punish an accused for being guilty of a previous offense, or feel that incarceration is justified because the accused is a 'bad man,' without regard to his guilt of the crime currently charged. Of course *it flouts human nature to suppose that a jury would not consider a defendant's previous trouble with the law in deciding whether he has committed the crime currently charged against him.* (Emphasis added.)

Nor can such prejudice be removed by the court's routine direction to the jury to disregard the argument. Judge Learned Hand, in referring to the ineffectiveness of the court's admonition to the jury, to disregard, characterized such an instruction as not more than a "recommendation to the jury of a mental gymnastic which is beyond, not only their powers, but anybody's else." Nash v. United States, 54 F. 2d 1006, 1007 (2d Cir.) cert. denied, 285 U.S. 556, 52 S.Ct. 457, 76 L.Ed. 945 (1932). To the same effect, Justice Robert H. Jackson declared in Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790 (1949) (concurring opinion), "The naive assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction."

Mr. Justice Jackson's assessment of the failure of the admonition to overcome the prejudicial effect has received support from the empirical study of jury behavior, Kalven & Zeisel, The American Jury, 127–130, 177–180.

The trial court in the instant case recognized the policy and the error in the prosecutor's argument, for he sustained the objection and instructed the jury to disregard the comment. The real issue for determination is, did the admonition of the trial court cure the error of reference to prior convictions to enhance punishment?

The majority opinion's focus on the portion of the argument dealing with intent misleads because it ignores the totality of the State's argument addressed to a heavy punishment. The objected-to portion of the argument occurred in the State's closing argument, but it is a duplication of an argument made in the opening argument.

The language of the early unobjected to argument and the context in which it was made is as follows:

I asked . . . if . . . any reluctance to assess a term up to ten years . . . to serve as a deterrent to other

people who are doing the same thing, *who are trying to make their living the same way.* Now this defendant is no kid, he is 29 years old, 28 or 29 years old. He is no kid, he is not to be pitied because of his age or anything like that. He is not out working for a living like everyone of you are out working for a living and like I am working for a living. *He is out stealing for a living* . . .

Not content with this, the prosecutor repetitively argued in closing:

I submit to you the only reasonable sentence . . . is a minimum of five years . . . . Only in that period of time will they have time to work with a man that is already 29 years old and *still stealing for a living.*

MR. HAGGERTY: Your Honor, I object to that. There is no evidence the defendant ever stole before, the words 'still stealing' is completely outside the scope of the evidence.

THE COURT: Sustained. The jury will disregard the last argument of counsel.

MR. DAKOPOLOS: The evidence is before you then—

(Counsel approached the bench and the following proceedings were had:)

MR. HAGGERTY: I would ask for a mistrial—

THE COURT: Overruled.

When all of this prior argument is considered, it is evident that the jury could have taken it to be an argument requesting a heavier sentence for this offense because of prior convictions.

The State concedes that the argument can be so construed, for in their brief, the countering point is that no plain error is present:

. . . because the evidence of the Appellant's guilt is overwhelming and

the trial court's instruction to the jury negated any possible prejudice toward the Appellant.

Under this point, the State argues that even if the argument refers to prior convictions, State v. Hampton, 317 S.W.2d 348 (Mo.1958) supports the proposition that reference to prior convictions is not error. *Hampton* is a case where a nearly contemporaneous crime appeared in the defendant's testimony and in the State's rebuttal evidence. There was no argument on the issue, and if it connected the defendant with another crime, it came in as a circumstance surrounding the defendant's arrest.

Arguing that since evidence of appellant's guilt is overwhelming, no manifest injustice appears, the State and the majority opinion cite State v. Evans, 324 Mo. 159, 23 S.W.2d 152 (1929). *Evans* is a case where argument was in question, but the argument that defendant was a "criminal" in its context is abusive of the defendant and not referable to prior criminal activity, which as to one defendant in the joint trial was already in evidence. No question exists in *Evans* of enhancement of punishment.

Whatever merit there may be to the argument that "clear evidence of guilt" makes harmless a reference to prior convictions which might have been utilized to infer guilt, the logic of such an argument fails when addressed to the issue of enhancement of punishment. The policy plainly forbids arguing prior convictions to enhance punishment no matter how clear the guilt. State v. Caffey, 457 S.W.2d 657 (Mo.1970), also relied on as a "clear evidence" case, shows that the defendant as a matter of trial tactic failed to file a motion to suppress which, if sustained at all, would have been on an unusual point relating to the issuance of the search warrant. *Tiedt, Jackson,* and *Webb,* herein cited, are all cases where the evidence of guilt was clear, convincing and impressive, but the argument of other criminal activity to enhance punishment resulted in reversal.

The State's citation of State v. Cohen, 100 S.W.2d 544 (Mo.1936), also relied upon in the majority, is not in point on these facts, for there the argument was on convictions *already in evidence* which could be argued for impeachment. The objection in *Cohen* came quickly enough that it interrupted the argument. The prosecutor's statement could not have been the basis for an inference of guilt nor to infer that the prior crimes should enhance punishment. The court promptly and vigorously instructed the jury properly to consider the reference to other crimes for impeachment only.

The majority opinion cites State v. Rousslang, 258 S.W.2d 627 (Mo.1953), and State v. Mesmer, 501 S.W.2d 192 (Mo. App.1973), to support the proposition that the trial court in its discretion could refuse the mistrial requested. *Mesmer,* supra, is characterized as a "remarkably similar case," but not one word of that opinion so much as mentions prior convictions as is also the case in *Rousslang.* So far as can be gleaned from those opinions, the issue of the argument inferring prior convictions was never raised, much less in the context of enhancement of punishment.

The State, conceding the argument might imply prior convictions, urges by paraphrase that the comment by the prosecutor was retaliatory to the argument of the defense that one year in the county jail was sufficient to rehabilitate the defendant. No authority is cited. The State's paraphrase of the argument is that "the appellant was 29 and *nevertheless* stealing for a living." Clever the paraphrase may be, correct in the expression of the thrust of the argument it is not. It adds the word "nevertheless" by pure implication and it *omits* the vital word "*still*" from the context. Read in the context of the entire argument, the argument can fairly be assumed only to refer to a prior record of the defendant for stealing. That it may also be read, no matter how tenuously, as the State contends does not vitiate the error.

The real test of the propriety of an argument such as was made here is not whether a plausible argument can be made that the argument did not infer prior convictions. The test is and should be, can the argument fairly and reasonably imply the fact of prior convictions? If it does, then the argument is error, for only by speculation can it be said that the proper inference or implication was drawn by the jury. This view of the proper test to be utilized is supported both by Missouri authority and expressions of the Federal courts.

Thus, in a case where the principal issue was as to the punishment and the prosecutor exceeded proper bounds in argument, the court said:

> We merely assert that the facts are such that we cannot say that the misconduct of counsel was nonprejudicial, and are forced to the conclusion that it was prejudicial. [State v. Webb, 254 Mo. 414, 162 S.W. 622, 628 (Mo.1914)]

So also, in State v. Aubuchon, 381 S.W. 2d 807, 816 (Mo.1964), when considering the admission of the evidence of conviction of a jointly charged defendant, the court said:

> We have been unable to find, however, that the evidence was harmless and we rule it prejudicial. The case will be reversed for this reason.

This principal is clearly applicable to argument inferring prior convictions under State v. Nolan, 499 S.W.2d 240 (Mo.App. 1973), where the court found plain error using the following language, l. c. 253:

> In such a posture, when the prosecutor made gesticulations and 'slammed his file on the table' and inferred by his comments that the appellant had a prior conviction, this strong implication may well have prejudiced the jury. The comments by the prosecuting attorney logically implied that defendant had prior convictions and could reasonably have implanted in the minds of the jurors the fact that he had previously been convicted.

Referring then to the duty of the prosecutor to assure a fair trial, the court held, l. c. 253–254:

> We do not hold that every improper comment or inference is prejudicial. We only hold that *when no evidence of a conviction is shown in a trial, and the prosecutor makes reference to or comments in such a manner so that a logical inference is that the defendant has been formerly convicted, such reference or implication constitutes such a serious matter that it rises to the level of prejudice. . . . ,* we hold that the statements and conduct inferred that defendant had been previously convicted and constitute plain error within Rule 27.20 (c), V.A.M.R. *We cannot say that the injection of this inference of a prior conviction was harmless.*

These are but expressions of the basic premise that prejudice as it affects the defendant's rights is not a matter of degree. State v. Burchett, 302 S.W.2d 9, 15 (Mo. 1957). Thus, if the court is unable to find error harmless, it is prejudicial. State v. Aubuchon, supra, 381 S.W.2d l. c. 815. State v. Webb, 254 Mo. 414, 162 S.W. 622, 628 (1914); State v. Nolan, supra, 499 S. W.2d l. c. 253.

If the evidence or argument concerning other crimes may have had substantial influence on the jury or the court is left in grave doubt as to the proposition (of influence on the jury), it is prejudicial. Odom v. United States, 377 F.2d 853 (5 Cir. 1967), citing Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). It is only by speculation that one can say that the assault on the officer, rather than the reference to the defendant's record, was the factor causing the heavy sentence.

We constantly iterate in our cases concerning the duties of prosecuting attorneys in the trial of criminal cases. Typical of such is the statement in State v. Nolan, supra, 499 S.W.2d l. c. 253:

> The prosecuting attorney holds a unique position in our adversary system

of criminal justice. He is a government official and clothed with the dignity and prestige of office. His power to persuade is great. His conduct and statements are weighted with prestige. It is his duty to assure that those accused of crime are afforded a fair trial consistent with due process of law. A prosecuting official is required to refrain from conduct engendering prejudice and to avoid injecting into the minds of the jury any matter which would prejudice their minds.

It does little, if any, good to constantly remind prosecuting attorneys of their duty and status as officers of the court if we do not likewise enforce the rights of the defendants when they are violated by prosecuting attorneys in overreaching arguments of this kind. The net result of simply stating the duties and not requiring adherence to them is to have a constant flow of cases by prosecutors attempting to adeptly fit themselves within the variety of situations which the case law concedes to be error but describes as nonprejudical or harmless. If we mean what we say about the duties of prosecuting attorneys, then the only sensible way to enforce those obligations is to require prosecutors to adhere to them or suffer a reversal of convictions improperly obtained.

The evidence of guilt in this case *is* clear and convincing. The sentence is also obviously a heavy one. It may be that another jury will on the same *evidence* impose a similar or even a heavier sentence because of the defendant's assault on the officer. What is at stake, however, is not the sentence of this offender, but the integrity of the process by which it is imposed. This case was tried in less than one day. A retrial is a small price to pay for certainty that the judicial process was even handed and fair in the imposition of the sentence as well as the determination of guilt.

I would reverse and remand for a new trial.