STATE of Missouri, Respondent,

v.

Ronald G. COY, Appellant.

No. KCD 30026.

Missouri Court of Appeals,
Kansas City District.

Nov. 27, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 27, 1978.

Application to Transfer Denied
Feb. 13, 1979.

James W. Whan, Maryville, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, and PRITCHARD, J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction by a jury of carrying a concealed weapon. The weapon, a .44 Magnum Hawes pistol, was seized in a warrantless search of defendant's automobile, and the question is whether the court erred in its admission into evidence. Affirmed.

At approximately 1:30 a.m., January 9, 1977, Public Safety Officer Michael Wilson and Police Officer Robert Seipel were patrolling eastwardly on East 7th Street in Maryville, Missouri, when they heard what they believed, as a result of their police training and experience, to be a gunshot to the north. The area was one which had a high incidence of shots fired into bulk gasoline storage tanks.

The officers proceeded to the first intersection and turned north on Dewey Street. They had traveled north about a half block when they were met by a southbound Oldsmobile driven by Ronald Coy, a man previously subjected to "all kinds of stops" by Officer Seipel and known to Officer Wilson to have been convicted of a crime involving use of firearms. On this occasion Officer Wilson noticed that "he [Coy] just kept looking back at us." The officers proceeded for another half block to the top of a hill where they could see over a six or seven-block area. They saw no one else in the area, and turned around to follow the Coy Oldsmobile which had continued south on Dewey, west on 7th, and north on Main Street. At 7th and Main, the officers showed their red lights. The Oldsmobile proceeded for four blocks before coming to a stop in the parking lot of the J and R Store.

The officers stopped their car immediately to the rear of the Oldsmobile at which time defendant alighted from the driver's side, shut the door and started toward the police car. Officer Wilson approached and told him to place his hands on the roof of the Oldsmobile. Officer Seipel stood by the right front fender of the police car to watch a passenger in the Oldsmobile. Officer Wilson made a search of defendant's person for his protection and in the course of the personal search observed a pistol holster lying on the back seat of the Oldsmobile. Officer Wilson then opened the driver's door to the Oldsmobile at which time he observed that defendant dropped his hands from the top of the car and came toward him. Officer Wilson replaced defendant's hands on top of the car. While keeping watch on defendant, he crouched down, put his hand under the driver's seat, and felt an object which, upon looking under the seat, was found to be a .44 Magnum Hawes pistol, a six-cartridge pistol then containing five cartridges. Officer Wilson took the pistol, passed it to Officer Seipel, and placed defendant under arrest.

Appellant charges the court erred in overruling defendant's motion to suppress and in admitting into evidence the .44 Magnum Hawes pistol. In support, he asserts that the search and seizure of the pistol was unconstitutional and unlawful in that it "did not fall within the well-defined exceptions allowed by law in cases of warrantless searches and seizures."

■ Subject to certain exceptions, searches and seizures conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). See also *Jones v. United States,* 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958); *Coolidge v. New Hampshire,* 403 U.S. 443, 455, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *State v. Witherspoon,* 460 S.W.2d 281, 284 (Mo.1970).

■ Under these authorities, warrantless searches have been held reasonable in a number of situations. The exception thus delineated which validates the search in this case is that "the search of an automobile, even though not incident to an arrest, may be constitutionally permissible if there is probable cause for the search. * * * [Such] probable cause means more than mere suspicion, but exists where the facts and circumstances within the knowledge of the seizing officers, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed or that the contents of the automobile offend against the law." *State v. Hornbeck,* 492 S.W.2d 802, 805 (Mo.1973). See also *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Harris v. United States,* 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Husty v. United States,* 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 (1931).

Officers Wilson and Seipel had probable cause for their search of defendant's automobile under the facts and circumstances in this case. They approached defendant's automobile with knowledge that a gun had been fired. They had been experiencing incidents of shots fired into storage tanks. Defendant and his companion were the only persons present in the area at the time, and defendant was known to the officers, particularly with respect to a crime involving a firearm. Defendant continued to look at the officers from the beginning of confrontation; he did not stop promptly. A pistol holster was in plain view in defendant's automobile, and defendant moved toward Officer Wilson when he moved to open the door of defendant's automobile. See *State v. Hornbeck,* supra; *State v. Hohensee,* 473 S.W.2d 379 (Mo.1971); *State v. Whitnah,* 493 S.W.2d 32 (Mo.App.1973); *State v. Mick,* 506 S.W.2d 35 (Mo.App.1974); *State v. Cromwell,* 509 S.W.2d 144 (Mo.App.1974); *State v. Holman,* 556 S.W.2d 499 (Mo.App. 1977); *State v. Daly,* 560 S.W.2d 253 (Mo. App.1977).

Judgment affirmed.

All concur.